Pearson, C. J".
 

 The equity of the plaintiffs is put on the ground, that they, being the next of kin of Mary Harriss, are entitled to the slaves.as purchasers, under the limitation, in; the deed of William Harriss, executed March, 1831. The deed, after conveying land and slaves to Houston in fee, declares the trust: “ To receive and pay the rents, hires and profits to Mary Harriss, for her sole use and support during her "natural life, and af.er her death, to pay over in remain■der to
 
 her heirs,
 
 for their exclusive use, the profits accruing, or that may accrue, from time to time, from the property aforesaid.”
 

 We are of opinion, that the legal effect of the deed, was to vest the whole estate in the trust, in Mary Harriss, under the operation of the “ rule in Shelly’s ease,” and consequently, the plaintiffs have failed to make out tille in themselves^ as
 
 purchasers,
 
 and the bill must be dismissed.
 

 “ The rule” was adopted for the prevention of fraud, and the substance of it is, where an estate for life, is given to one, and by the same conveyance, the property is given to his heirs,: in such a manner, that the same persons are to. take the same estate as they would have taken by operation of the law, had the whole estate been given to the tenant for life, he shall take the whole estate, and such persons shall take by operation, of law, and not. as purchasers, notwithslanding the ex-, press intention was, that the one should take a life-estate only,' and'- the others should take as purchasers ; the principle is. the
 
 *280
 
 same as that by which, if one seized in fee, in England, devises to his eldest son, in fee simple, the son shall take by descent, and not under the devise ; for, although the intention, that he shall take by the devise, is express, yet, such intention being in manifest fraud of the rights of third persons, shall not bo carried into effect.
 

 It is unnecessary to enter more fully into the reason of “the rule,” or to refer to the numerous cases in which it has been held to extend to personal property; it is sufficient to say, it is well settled as “ a law of property,” and our case falls directly within its operations. It is applied in
 
 Boyd
 
 v.
 
 Small,
 
 3 Jones' Eq. Rep. 39, a few terms ago.
 

 Mr. Moore
 
 attempted to distinguish this case, on the ground that it was an executory, as distinguished from an executed trust, and insisted that whenever the supposed intent of the party was not effectuated by the instrument declaring the trust, it was an executory trust. Ilis position involves an entire misapprehension of the difference between the two kinds of trusts, and, consequently, of the principles upon which a less rigid rule of construction is applied to the one than the other. An executory trust is one which is completely declared in the outset. An executory trust is one which is imperfectly declared in the outset, the creator of the trust having merely denoted his ultimate object, imposing on the trustee or on the court the duty of effectuating it in the most convenient way. Adams’ Eq. 41. In the former, the creator of the trust, having done all that he intended to do, or expected to be done, in regard to the declaration of the trust, it is left to abide the ordinary rules of construction. In the latter, as the purpose merely is indicated wdiich is to be carried into effect by some deed wdiich is afterwards to be executed, a less stringent rule of construction is adopted. In our case the trust is completely declared by the deed of 1831, and no other deed was to be executed.
 

 Mr. Moore
 
 further insisted, that as the deed did not declare the trust according to the intention of the parties, this Court would reform it. To this suggestion, there are two objections,
 
 *281
 
 either of which is fatal. The bill is not filed for the purpose of reforming the deed, but sets up an equity in the plaintiffs as purchasers, on the ground that, being the next of kin, they, answer the description of “ heirs” named in the limitations in the deed ; but, in the second place, there is nothing to show that the trust, owing to the mistake or ignorance of the draftsman, was not declared according to the intention of the parties; as, where a deed of settlement professes to be made in pursuance of articles previously executed, and there is a variance ; or where, upon a contract of sale, in fee simple, the deed is defective by the omission of the word “heirs.” For, we are left to conjecture as to the intention of the parties, except so far as we are enabled to see it from the words used, and the ordinary rules of construction ; and, while it may be suggested, on the one side, that as the purpose was to compromise and settle this property on the wife, it could hardly have been the intention to limit the trust in such a way that the husband’s marital rights could, under any circumstances, ever therafter attach, it may with as much plausibility be suggested, that as the wife only claimed alimony, the purpose was answered by providing a maintenance and support for her during her life, and the intention was then to let tlije property go back to the husband, and devolve by act of lawn It is sufficient to say, in either view, it is mere conjecture, which is not sufficient to induce the court to reform a deed on the ground of accident or mistake, even upon a bill framed for that purpose.
 

 Per Curiam, - Bill dismissed.